Díaz, Plaintiff and Appellee, *v.* Porto Rico Railway, Light & Power Co., Defendant and Appellant.

Appeal from the First District Court of San Juan in an Action for Damages.—Memorandum of Costs.

No. 3209.—Decided April 15, 1924.

Memorandum of Costs—Affidavit.—The validity of the affidavit of the attorney to the memorandum of costs was attacked because the clerk of the court failed to state that he knew the attorney and because the attorney's signature appeared after the words ''Sworn to and signed * * * '' together with and above the signature of the clerk. *Held:* That under section 9 of the Affidavits Act of 1908 the failure of the clerk to certify that he knew the attorney does not invalidate the affidavit and that the fact that the attorney's signature appeared as stated is a clerical error which also does not invalidate it.

Id.—Attorney's Fees.—The original amount sued for was $7,000 and the judgment was for $3,500. The item of attorney's fees in the memorandum of costs was $2,000 and after hearing the attorneys for both parties the trial court reduced it to $1,200. Considering the judgment and the work done by the plaintiff's attorneys, we think that the sum allowed as fees was excessive. The pleadings of the defendant were a demurrer and an answer. The trial lasted half a day. There is no other fact that might be considered for allowing as much as $1,200. The sum of $700 fixed as a maximum by appellant's expert is a reasonable amount.

The facts are stated in the opinion.

*Messrs. J. H. Brown* and *C. Ruiz Nazario* for the appellant.

*Messrs. Rincón & Vizcarrondo* for the appellee.

Mr. Justice Franco Soto delivered the opinion of the court.

This is an appeal from an order approving a memoran-

dum of costs.   The objection is to the amount of attorney's fees fixed by the trial court.·

It is assigned as errors that the affidavit to the memorandum is void and that the amount of $1,200 allowed by the trial court for attorney's fees is excessive.

The ground of the first assignment is that the affidavit does not contain the statement of the official that he knew the affiant attorney, and that the signature of the affiant does not appear in the proper place, but comes after the words "Sworn to and signed   *   *   * ", together with and above the signature of the clerk who took the affidavit.

But this is a clerical error that does not render the affidavit void.   In the affidavit it is stated that Luis Vizcarrondo, after being duly sworn, said that he was one of the attorneys for the plaintiff, which identifies him notwithstanding the fact that his signature appears together with that of the clerk and not in the corresponding place on the affidavit.

Section 3 of the Act to establish a registry of affidavits, approved March 12, 1908, prescribes the different forms of affidavits and in all of them it is a requisite that the official taking the affidavit shall attest that he knows the affiant or the identification witnesses; but at the same time section 9 provides as follows:

"Sec. 9.   There shall not be deemed to be included in this law any declarations in judicial, or administrative, proceedings, made before judges or officers of any capacity, in matters under their jurisdiction."

From this it follows that the failure of the clerk to certify to his personal acquaintance with the attorney does not affect the validity of the affidavit, because it is an unnecessary requisite, inasmuch as it is to be presumed that an attorney of record in a suit is one duly admitted to the bar and as such is an officer of the court.

In the second assignment it is contended that the amount allowed for fees is excessive.

The original amount sued for was $7,000 and the judgment was for $3,500. The item of attorney's fees in the memorandum of costs was $2,000 and after hearing the attorneys for both parties the trial court reduced it to $1,200.

Considering the judgment and the work done by the plaintiff's attorneys, we think that the sum allowed as fees was excessive. The pleadings of the defendant were a demurrer and an answer. The trial lasted half a day. There is no other fact that might be considered for allowing as much as $1,200. The sum of $700 fixed as a maximum by the appellant's expert is a reasonable amount. See also the cases reported in 29 P. R. R. 520 and 524.

For all of the foregoing the order of the trial court must be modified so as to reduce the item of attorney's fees to $700.

*Modified and affirmed.*

Chief Justice Del Toro and Justices Wolf, Aldrey and Hutchison concurred.